[Civ. No. 28943.   Second Dist., Div. One.   Nov. 9, 1965.]

GENERAL PUMP SERVICE, INC., Plaintiff and Respondent, v. THE TRAVELERS INSURANCE COMPANY, Defendant and Respondent; THE OHIO CASUALTY INSURANCE COMPANY, Defendant and Appellant.

Parker, Stanbury, McGee, Peckham & Garrett, Raymond G. Stanbury and J. H. Peckham for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Ball, Hunt & Hart and Donald B. Caffray for Defendant and Respondent.

WOOD, P. J.—This is a declaratory relief action to determine the respective obligations of defendant The Travelers Insurance Company and defendant The Ohio Casualty Insurance Company with reference to defending a suit by one Rosas against the plaintiff. (Rosas, an employee of the Texaco, Inc. [oil company], while operating a truck which was owned by his employer and was insured by defendant Travelers, received serious personal injuries when he was struck by a hoist frame which was mounted upon a truck that was owned by plaintiff [General Pump] and was insured by defendant Ohio Casualty.) The court entered a judgment declaring that defendant Travelers is not obligated to defend the Rosas suit or to in any wise afford coverage to plaintiff in connection therewith, and that the sole coverage afforded to plaintiff is by the policy of insurance issued by defendant Ohio Casualty. Defendant Ohio Casualty appeals from the judgment.

Appellant contends that General Pump is an additional insured within the coverage of the policy of insurance issued by Travelers because at the time Rosas was injured General Pump was "using" the Texaco truck in the sense that General Pump was unloading it and directing its operation.

The matter was submitted on the pleadings, a stipulation of facts, and exhibits which included forms of the insurance policies issued by defendants. From the stipulation, exhibits, admissions in the pleadings, and the findings, the pertinent facts may be summarized as hereinbelow set forth.

Prior to March 6, 1961, Texaco had contracted with plaintiff to pull the pump and casing from a water well (on Texaco property), to clean the well, and to reinstall the casing and pump. The pump motor was removed and sent to a shop for repairs. After plaintiff had cleaned the well, it notified Texaco that it was ready to reinstall the pump motor, and Texaco sent its employee, Rosas, in a Texaco truck to the repair shop to pick up the pump motor. When the Texaco truck arrived at the well site with the motor, plaintiff's employees were there with a truck and hoist. The hoist was an "A-frame" with a hoist hook, and the frame was mounted on plaintiff's truck. Plaintiff's employees centered the A-frame over the well and secured it by attaching a chain from the frame to a nearby telephone pole. Said employees then directed Rosas to back the

Texaco truck to the well so that the pump motor could be hoisted from the truck. The hoist hook from the A-frame was engaged in the pump motor on the Texaco truck and the motor was hoisted from the bed of the Texaco truck. Plaintiff's employees then directed Rosas to drive the Texaco truck forward. Rosas drove forward and stopped. As he did so, the chain which was attached to the telephone pole snapped, and the A-frame fell. One of the legs of the frame fell into the cab of the Texaco truck and injured Rosas.

At the time of the accident the Texaco truck was covered by a policy of liability insurance in the amount of $1,000,000 issued by defendant Travelers, and the plaintiff's (General Pump's) truck (including the hoist) was covered by a policy of liability insurance in the amount of $50,000 issued by defendant Ohio Casualty.

The Insuring Agreements in the Travelers policy are set forth in five paragraphs designated by Roman numerals. Paragraph I provides as follows: *"Coverage A—Bodily Injury Liability* To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . sustained by any person. . . ."* Paragraph II provides for defense of any suit against the insured alleging such bodily injury. Paragraph III provides as follows: *"Definition of Insured.* The unqualified word 'insured' includes the named insured [Texaco] and also includes . . . (2) under Coverages A and B,[1] any person while using an owned automobile or a hired automobile and any person . . . legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission . . . ."

Under the heading, "Exclusions," the policy sets forth 11 paragraphs of itemized exclusions, none of which refers to the loading or unloading of an automobile. Under the heading, "Definitions," the policy defines various terms used elsewhere in the policy, but does not define "use" or "using."

After Rosas had commenced an action against General Pump (the herein plaintiff) for damages for personal injuries, Travelers undertook the defense of that action, including the filing of an answer, the making of various motions, and other

---

[1]Coverage B, which is part of Insuring Agreement I, relates to property damage and provides as follows: "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof and arising out of the ownership, maintenance or use of any automobile."

procedural steps. Subsequently, Travelers informed General Pump (the defendant in the Rosas action, and the plaintiff in the present action) that Travelers intended to abandon the defense of the Rosas action. Thereupon, General Pump filed the present action for declaratory relief—as to Travelers Insurance and Ohio Insurance.

Defendant Travelers filed an answer which in effect admits that its policy extends coverage to General Pump but alleges that the Ohio Casualty policy extends primary coverage and the Travelers policy is excess only.[2] The prayer is that the court declare the Travelers policy coverage to be excess only. After the matter was submitted, the court, in its memorandum of opinion, granted leave to defendant Travelers to amend its answer to conform to proof. (The amendment was to the effect that the Travelers policy did not extend any coverage to General Pump.)

The memorandum of opinion also states that "The unusual fact here is that the Travelers policy is not a standard automobile policy, even though it does cover certain liability arising from automobile use. No specific motor vehicle operations are listed as covered, and the usual clause by which loading and unloading are included as being within the term 'use' is absent. On the other hand, the operations of loading and unloading vehicles are not specifically excluded by language to that effect.

"The sole question then remains: Can plaintiff have the benefit of Texaco's insurance as a user of the Texaco truck it was unloading? I have concluded it may not, following the general rule, repeatedly approved in California, that the clause defining 'use' as including the loading and unloading of the insured vehicle is one of expansion of the term 'use' beyond its usual connotation, from which it logically follows that the omission of this phrase must have been intended as a purposeful limitation. [Citations.]"

Appellant contends that General Pump is an additional insured within the coverage of the policy of insurance issued by Travelers because at the time Rosas was injured General Pump was "using" the Texaco truck in the sense that General Pump was unloading it and directing its operation.

The clause of the Travelers policy which defines additional insureds is contained in Insuring Agreement III. As above shown, that clause provides that the word insured includes the

---

[2]The answer filed by defendant Ohio Casualty in effect alleges that the two policies extend coverage to plaintiff and that the liability of the two insurance companies is proportionate.

named insured and also includes, under Coverages A and B any person while *using* an owned automobile. Coverage A, which is part of Insuring Agreement I, makes no reference to the use or using of an automobile. It provides that Travelers shall pay all sums to which the insured shall become legally obligated to pay as damages because of bodily injury.

In *Continental Cas. Co.* v. *Zurich Ins. Co.*, 57 Cal.2d 27 [17 Cal.Rptr. 12, 366 P.2d 455], similar policy provisions were before the court. In that case, Simpson hired Hiatt to log and haul timber. With Simpson's knowledge, Hiatt hired additional trucks owned by Waldkirch. One of Waldkirch's truck drivers was injured while Hiatt's employees were loading the Waldkirch truck. On appeal, Simpson's insured (General) argued that Hiatt's employees did not come within the additional insured clause of its policy. That clause was the same as the clause in the Travelers policy in the present case—i.e., it defines insured as including any person *while using* the truck. General's policy also contained a bodily injury coverage clause which is identical with that in the Travelers policy —i.e., to pay for damages sustained by any person (without any requirement that the damages arise from the use of the automobile). As to property damages, General's policy extended coverage to damages arising from the *use* of the automobile, including the loading and unloading thereof (Travelers policy, as to property damage, extends coverage to damage arising from the use of the automobile, without referring to loading and unloading). In answer to General's contention that Hiatt's employees were not additional insureds under the General policy, the court said (p. 33) : ''General contends that because with respect to *property* damages its policy expressly included the loading and unloading of automobiles, the absence of such an express inclusion with respect to bodily coverage indicates its intent that no such coverage was provided. This contention is without merit. As to liability 'imposed upon him [the insured] by law . . . because of bodily injury,' the coverage is unlimited insofar as concerns the *cause* of the bodily injury. The most that can be said is that the policy is uncertain on the point. And uncertainties are, as already commented, to be resolved against the insurer and in favor of imposing liability.''[3]    In the present case, wherein a

[3] In *Industrial Indem. Co.* v. *General Ins. Co.*, 210 Cal.App.2d 352 [26 Cal.Rptr. 568], the driver of a truck (insured by General) was struck by a pipe which was being unloaded from the truck by a crane (insured by Industrial). In a declaratory relief action by Industrial against General,

question is whether Travelers was obligated to defend a bodily injury claim against General Pump, the additional insured clause and the bodily injury clause in the Travelers policy, as in the General policy in the *Continental* case, do not refer to loading and unloading. There is no reference in the definitions and exclusions of the Travelers policy to the effect that the acts of "loading and unloading" are excluded from the act of "using." As to liability of an additional insured for bodily injury, the coverage in the Travelers policy is unlimited insofar as concerns the *cause* of the bodily injury, and the most that can be said is that the policy is uncertain on the point and should be resolved against Travelers and in favor of imposing liability. If Travelers had desired to limit its coverage, it could have qualified the word "using" by appropriate language in its policy. ■ The policy, which is in the face amount of $1,000,000, apparently was intended to insure the use of many Texaco trucks, and, since the policy does not qualify the word "using," it is reasonable to assume that the word was intended to refer to the normal use of the trucks, and that in using trucks it would ordinarily be contemplated that the trucks, in addition to being driven, would be loaded and unloaded. ■ Such an intention by Travelers also appears from the acts undertaken by Travelers pursuant to its policy, which acts are a "reliable means of arriving at their intention." (*Reid* v. *Overland Machined Products,* 55 Cal.2d 203, 210 [10 Cal.Rptr. 819, 359 P.2d 251].) ■ When Rosas sued General Pump, Travelers undertook the defense of General Pump and proceeded through the pleading, discovery, and law and motion phases of that case. When Travelers thereafter stated its intent to withdraw from that case, the present action was commenced, and Travelers filed an answer which admits that its policy extends coverage to General Pump, but claims such coverage to be excess (under the "other insurance" provisions of the respective policies issued by Travelers and by Ohio Casualty). It was not until approxi-

the trial court held that Industrial was obligated to defend the truck driver's suit against the crane owner, and that General was not obligated to do so. The additional insured clause in General's policy was the same as that in Travelers policy in the present case—i.e., it referred to "using" without any reference to "loading and unloading." The bodily injury coverage clause referred to liability for damages arising from the use of the automobile, including the loading and unloading thereof. The reviewing court reversed the trial court and held (p. 356) that General's policy "includes the crane operator as an additional insured, because at the time of the accident he [crane operator] was using (unloading) an automobile (the flat bed truck) owned by the named insured...."

mately one year after the answer was filed that Travelers, upon the court's suggestion (in its memorandum opinion), amended its answer to set forth its present contention that its policy does not extend *any* coverage to General Pump. ▮ In the memorandum opinion, the court concluded that the omission of the phrase, including loading and unloading, from the Travelers policy "must have been intended as a purposeful limitation."[4] It is to be noted, however, that in the *Continental* case, above cited, the Supreme Court held that there was no merit to a contention therein that since one part of the policy (as to property damages) included the "loading and unloading" provision, the absence or omission of such a provision in another part of the policy (regarding bodily injuries) indicated an intent to limit coverage for bodily injuries. In the present case, in view of the above discussion and particularly the interpretation in the *Continental* case, it appears that said conclusion of the trial court herein, as to "purposeful limitation," is erroneous. General Pump is an additional insured within the coverage extended by the Travelers policy.

[4]In support of this conclusion the court cited several cases. In those cases the policy provisions contained the phrase, "including loading and unloading." Those cases were not concerned with the question of whether the unqualified word "using" included loading and unloading. Those cases were concerned with the question of whether the particular acts which resulted in injury constituted "loading and unloading" and if so, what were the respective obligations of the insurers under the "other insurance" provisions of their policies (i.e., whether their obligations were to be prorated or were excess only). In two of those cases (*American Auto Ins. Co.* v. *Transport Indem. Co.*, 200 Cal.App.2d 543, 549 [19 Cal.Rptr. 558], and *Columbia Southern Chemical Corp.* v. *Manufacturers & Wholesalers Indem. Exch.*, 190 Cal.App.2d 194, 202 [11 Cal.Rptr. 762], it was said that: "The term 'using,' when used in a policy without restrictive terms, must be understood in its most comprehensive sense." In one of the other cases cited by the trial court (*Colby* v. *Liberty Mutual Ins. Co.*, 220 Cal.App.2d 38 [33 Cal.Rptr. 538]), a truck driver was injured while the truck he was driving was being unloaded by a crane. The court held that the crane operator was an insured within the insurance policy (issued by Liberty) on the truck, and said (p. 46): "But Liberty's liability is based not upon the use of the crane as such but rather upon the fact that the accident occurred in the course of unloading the truck of Western. The truck could only be unloaded by the aid of some outside instrumentality. As stated in *Industrial Indem. Co.* v. *General Ins. Co.*, *supra*, 210 Cal.App.2d 352, at page 358: 'Here the crane operator was using the Hurst truck in the sense of unloading it. The mere fact that the crane, as an independent instrumentality, was also used to accomplish this objective does not change the result.' " Although there is language in the *American Auto* and *Colby* cases to the effect that the "loading and unloading" provision is one of extension of the term "using," it does not necessarily follow that the absence of that provision precludes loading and unloading operations from the coverage of a policy which extends unlimited coverage to any person "using" the insured automobile.

The judgment is reversed with the direction that the court determine the respective obligations of Travelers and Ohio Casualty in view of the conclusion herein that General Pump is an insured within the meaning of the Travelers policy.

Fourt, J., and Lillie, J., concurred.