[Civ. No. 18531. Third Dist. June 10, 1980.]

JAMES A. PHELPS, a Minor, etc., et al.,
Plaintiffs and Appellants, v.
ALLSTATE INSURANCE COMPANY, Defendant and Respondent.

COUNSEL

Moe & Whitaker and Ronald E. Moe for Plaintiffs and Appellants.

Bullen, McKone, McKinley, Gay & Keitges, Joseph J. DeHope, Jr., Horvitz & Greines, Ellis J. Horvitz and Alan G. Martin for Defendant and Respondent.

## OPINION

**BLEASE, J.**—Plaintiffs James A. and Brian D. Phelps, by their guardian ad litem Sharon Phelps, appeal from the summary judgment granted in favor of defendant Allstate Insurance Company (Allstate).

■ The only issue we resolve is whether the family exclusion clause of the automobile insurance policy issued to plaintiffs' father complies with the statutory limitations on permissible exclusions contained in Insurance Code section 11580.1, subdivision (c)(5). We shall conclude that the clause excludes persons from coverage in violation of the Insurance Code, cannot be judicially reformed, and is therefore invalid.

### I

On November 26, 1977, James A. and Brian D. Phelps, ages eight and five, respectively, were seriously injured in an accident while riding as passengers in an automobile owned and operated by their father, Leslie D. Phelps. Their father was killed in the accident.

The automobile was insured by an Allstate policy issued to Leslie Phelps. Plaintiffs made claims to Allstate, which were denied, based upon the bodily injury liability coverage of the policy.

On June 13, 1978, plaintiffs filed an action against Allstate seeking a declaration relating to coverage. Allstate filed a motion for summary judgment in which it denied coverage for plaintiffs' injuries relying on the family exclusion clause of the policy which excludes coverage for "bodily injury to any person who is related by blood, marriage, or adoption to an insured against whom claim is made if such person resides in the same household as such insured." Plaintiffs admit that they were related by blood to, and resided in the same household as, Leslie D. Phelps.

The summary judgment motion was heard on January 19, 1979, and was granted by the trial court.

### II

Plaintiffs claim that the family exclusion clause violates constitutional and statutory policies as applied to minor children. Allstate relies

upon the statutory authorization for exclusion contained in Insurance Code section 11580.1, subdivision (c)(5).

Preliminarily, we set forth the relevant insurance policy provisions contained within section I, "Liability Protection," of the Phelps Allstate policy. They provide generally that "Allstate will pay for an insured all damages which the insured shall be legally obligated to pay because of: [¶] 1. bodily injury sustained by any person, . . . [¶] arising out of the ownership, maintenance or use, including loading and unloading, of the owned automobile or a non-owned automobile."[1]

The policy lists five classes of "persons [who] are insured" for purposes of section I[2] and defines "'insured'" as any person or organization "listed as insured" in the section.[3]

---

[1]"Allstate will pay for an insured all damages which the insured shall be legally obligated to pay because of: [¶] 1. bodily injury sustained by any person, and [¶] 2. injury to or destruction of property, arising out of the ownership, maintenance or use, including loading and unloading, of the owned automobile or a non-owned automobile. [¶] Allstate will defend, at its own expense and with counsel of its choice, any lawsuit, even if groundless, false or fraudulent, against any insured for such damages which are payable under the terms of this Section, but may make such settlement of any claim or suit as it deems expedient."

[2]"*The following persons are insured under this Section* [¶] 1. The named insured with respect to the owned or a non-owned automobile, provided the use of such non-owned automobile is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission; [¶] 2. Any resident of the named insured's household with respect to the owned automobile; [¶] 3. Any other person with respect to the owned automobile, provided the use thereof is with the permission of the named insured and within the scope of such permission; [¶] 4. Any relative with respect to a non-owned private passenger automobile or trailer not regularly furnished for use of such relative provided the use by such relative is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission; and [¶] 5. Any other person or organization, but only with respect to his or its liability because of acts or omissions by a person who is insured under any of the four preceding paragraphs; provided the automobile, if a non-owned automobile, is not owned or hired by such other person or organization."

[3]"*Definitions of words used under this Section*
"1. Persons Insured
"(a) *'insured'* means any person or organization listed as insured in this Section;
"(b) *'named insured'* means the individual named in the declarations, and his spouse if a resident of the same household; and
"(c) *'relative'* means a relative of the named insured who is a resident of the same household.
"      .      .      .      .      .      .      .      .      .      .      .
"3. Miscellaneous
"(a) *'bodily injury'* means bodily injury, sickness or disease, and includes death resulting at any time;
"      .      .      .      .      .      .      .      .      .      .      .
"(e) *'resident'* or *'reside'* means, when used with reference to the named insured's

Finally, section I of the policy contains a list of exclusions, only one of which is relevant to our determination:

*"Exclusions-what this Section of the policy does not cover*

"This Section I does not apply to:

".    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"7. bodily injury to any person who is related by blood, marriage, or adoption to an insured against whom claim is made if such person resides in the same household as such insured; . . ."

### III

In justifying its family exclusion clause, Allstate relies exclusively upon Insurance Code section 11580.1, subdivision (c)(5), which permits automobile insurance policies to "be made inapplicable" to "[l]iability for bodily injury to an insured." The statute defines "'an insured'" as "any insured under the policy." (Ins. Code, § 11580.1, subd. (c).)

Subdivision (c) of section 11580.1⁴ contains all of the exclusions permissible in California automobile insurance policies. (*Contreras v. America, Compania General De Seguros, S.A.* (1975) 48 Cal.App.3d 270, 281 [121 Cal.Rptr. 694]; see also Ins. Code, § 11580.05; *Bohrn* v. *State Farm etc. Ins. Co.* (1964) 226 Cal.App.2d 497, 500-501 [38 Cal. Rptr. 77]; Melnick, Cal. Automobile Insurance Law Guide (Cont.Ed. Bar 1973) § 5.2, pp. 66-67.) Since the statute defines "'an insured'" as "any insured under the policy," (Ins. Code, § 11580.1, subd. (c)) we look to the policy itself to determine who is insured.

---

household, bodily presence in such household and an intention to continue to dwell therein. However, the named insured's unmarried and unemancipated children, while away from his household attending school or in the military service, are deemed to be residents of his household."

⁴Insurance Code section 11580.1, subdivision (c), provides: "In addition to any exclusion as provided in paragraph (3) of subdivision (b), the insurance afforded by any such policy of automobile liability insurance to which subdivision (a) applies may, by appropriate policy provision, be made inapplicable to any or all of the following: [¶] (1) Liability assumed by the insured under contract. [¶] (2) Liability for bodily injury or property damage caused intentionally by or at the direction of the insured. [¶] (3) Liability imposed upon or assumed by the insured under any workers' compensation law. [¶] (4) Liability for bodily injury to any employee of the insured arising out of and in

At the outset we note that we are not required to determine the scope and consequences of "insured" status (see *California State Auto. Assn. Inter-Ins. Bureau v. Warwick* (1976) 17 Cal.3d 190 [130 Cal.Rptr. 520, 550 P.2d 1056]) since the family exclusion clause, unlike the clause in *Warwick*, does not exclude "'bodily injury to any insured.'" (*Id.*, at p. 193.)

Rather, the family exclusion clause separately defines the class of persons excluded from bodily injury coverage. Consequently, we must determine whether the clause exceeds the scope of exclusion authorized by Insurance Code section 11580.1, subdivision (c)(5). This necessarily requires a determination whether the class of persons excluded is broader than the classes of persons listed as insureds in the policy.

The family exclusion clause excludes from bodily injury coverage all "person[s] who [are] related by blood, marriage, or adoption to an insured against whom claim is made if such person resides in the same household as such insured."

The clause excludes persons not because they *are* insureds but because of their relationship to and residency in the same household as an insured. Allstate claims that persons so excluded are also insureds by virtue of their inclusion within the provision, listing as an insured "[a]ny resident of the named insured's household with respect to the owned automobile." (See *ante*, fn. 2, subd. 2.)

Allstate's reliance is misplaced, for the class of persons excluded is broader than the classes of persons listed as insured. Although both provisions define the class covered in terms of residency in a household, they critically differ in that persons are excluded from coverage by residency with an *insured* but are listed as insured only by residency with a *named* insured.

the course of his employment. [¶] (5) Liability for bodily injury to an insured. [¶] (6) Liability for damage to property owned, rented to, transported by, or in charge of, an insured. [¶] (7) Liability for any bodily injury or property damage with respect to which insurance is or can be afforded under a nuclear energy liability policy. [¶] (8) Any motor vehicle or class of motor vehicles, as described or designated in the policy, with respect to which coverage is explicitly excluded, in whole or in part. [¶] The term 'the insured' as used in paragraphs (1), (2), (3), and (4) of this subdivision shall mean only that insured under the policy against whom the particular claim is made or suit brought. The term 'an insured' as used in paragraphs (5) and (6) of this subdivision shall mean any insured under the policy." (Stats. 1970, ch. 300, § 4, p. 574.)

Since there are classes of insureds defined *not* by residency with the named insured, principally permissive users (*ante*, fn. 3),[5] it necessarily follows that the family exclusion clause excludes persons who are *not* insureds within the provision relied upon by Allstate and hence it is broader than allowed by section 11580.1, subdivision (c)(5).

As an example, a permissive user is listed as an insured but is not a named insured. (See *ante*, fn. 2.) His children and spouse are neither. If the children are injured in an accident involving a covered automobile driven by their father, the children, if resident with him, are excluded from coverage although not listed as insureds.

We find "no discernible relationship whatsoever between the class of persons the [policy] purports to exclude and the class of persons which...11580.1 authorized an insurer to exclude." (*Glens Falls Ins. Co.* v. *Globe Indem. Co.* (1969) 276 Cal.App.2d 643, 647-648 [81 Cal.Rptr. 28]; see *Atlantic Nat. Ins. Co.* v. *Armstrong* (1966) 65 Cal.2d 100, 109-110 [52 Cal.Rptr. 569, 416 P.2d 801]; Melnick, *supra*, § 6.15, pp. 92-93.)

Consequently, the family exclusion clause in the Phelps policy is fatally overbroad and therefore void. It pulls within its net of bodily injury exclusions persons who, because they are not insureds under the policy, are outside the "comprehensive and inclusive" list of exclusions contained in subdivision (c) and section 11580.1. (*Contreras* v. *America, Compania General De Seguros, S.A., supra*, 48 Cal.App.3d at p. 281.)

Since our determination of invalidity rests upon the facial overbreadth of the exclusion clause, it is irrelevant that plaintiffs qualify both for exclusion and as insureds. The overbreadth can be cured only by rewriting (reforming) either the exclusion clause or the insured clauses, or both. We are not empowered to do so.

■ Exclusions and exceptions contained within a policy must be construed strictly against the insurer. (*Healy Tibbitts Constr. Co.* v. *Employers' Surplus Lines Ins. Co.* (1977) 72 Cal.App.3d 741, 749 [140 Cal.Rptr. 375, 97 A.L.R.3d 1278]; *Woods* v. *Insurance Co. of North*

---

[5]The permissive user definition of insured would, of course, not be necessary if the user were *also* a resident of the *named* insured's household. Accordingly, it has its utility precisely on those occasions not covered by the definition relied upon by Allstate.

*America* (1974) 38 Cal.App.3d 144, 148 [113 Cal.Rptr. 82, 72 A.L.R. 3d 515]; *Burke Concrete Accessories, Inc.* v. *Tolson* (1972) 27 Cal. App.3d 237, 241 [87 Cal.Rptr. 619]; *Cannizzo* v. *Guarantee Ins. Co.* (1966) 245 Cal.App.2d 70, 73 [53 Cal.Rptr. 657]; *Brinkmann* v. *Liberty Mutual etc. Ins. Co.* (1965) 63 Cal.2d 41, 45 [45 Cal.Rptr. 8, 403 P.2d 136]; *Ohio Cas. Ins. Co.* v. *Armendariz* (1964) 224 Cal.App.2d 56, 65 [36 Cal.Rptr. 274]; *Hendricks* v. *Meritplan Ins. Co.* (1962) 205 Cal.App.2d 133, 138 [22 Cal.Rptr. 682].)

Accordingly, we will not undertake the task of rewriting Allstate's overbroad family exclusion clause to conform to the law.

Since the family exclusion clause is invalid, the summary judgment must be reversed. Because of the ground of resolution we do not reach the other contentions of the parties.

The judgment is reversed.

Puglia, P. J., and Evans, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 8, 1980. Clark, J., and Richardson, J., were of the opinion that the petition should be granted.