[Civ. No. 63472. Second Dist., Div. Two. Mar. 1, 1982.]

20TH CENTURY INSURANCE COMPANY, Plaintiff and Appellant, v.
DAGMAR STUART et al., Defendants and Respondents.

## COUNSEL

Bolton, Hemer & Dunn and Donald H. Moore for Plaintiff and Appellant.

Robert W. Carmer for Defendants and Respondents.

## OPINION

**ROTH, P. J.**—On March 14, 1979: (a) appellant 20th Century Insurance Company was the insurer of respondent Dagmar Stuart under an automobile liability insurance policy; (b) Stuart and her mother, respondent Olga Auerbach, resided in the same household; (c) Stuart, while operating the automobile described in the insurance policy, collided with Auerbach while the latter was a pedestrian.

Auerbach sued Stuart for personal injuries. 20th Century undertook defense of Stuart concurrently seeking declaratory relief by motion for summary judgment that it was not bound to defend because the "family exclusion" in the Stuart policy effectively eliminated coverage in Stuart's favor. Respondents answered asserting that the "family exclusion" clause upon which 20th Century relied was overly broad and therefore void as against public policy.

The parties thereafter made several motions for summary judgment. The trial court determined the "family exclusion" provision herein relied upon by 20th Century was invalid. 20th Century appeals. We reverse.

The policy language in issue is as follows: "... (2) The unqualified word 'insured' includes (a) with respect to any automobile as hereinafter defined, *the named insured and his relatives*, ...

"(6) *Relatives*. The unqualified word 'relatives' means, *while residents of the same household* as the named insured, his relatives ...

"This policy does not apply ... 11. to bodily injury to the *insured or any member of the family* of the insured residing in the same household as the insured." (Italics added.)

█ It is settled that, when properly drawn, exclusions of the kind here involved do not offend public policy principles or constitutional considerations having to do with equal protection and are therefore valid against objections on those grounds. (See *Farmers Ins. Exchange* v. *Cocking* (1981) 29 Cal.3d 383 [173 Cal.Rptr. 846, 628 P.2d 1].) It is likewise the case, however, that *when such exclusions* go beyond the scope of *persons insured* under a policy, the statutory permission to exclude granted by Insurance Code section 11580.1, subdivision (c),[1] has been exceeded, in such fashion as to invalidate the purported exclusionary clause. (See *Phelps* v. *Allstate Ins. Co.* (1980) 106 Cal.App.3d 752 [165 Cal.Rptr. 263].)

---

[1] In pertinent part, the statute provides that: "(c) In addition to any exclusion as provided in paragraph (3) of subdivision (b), the insurance afforded by any such policy of automobile liability insurance to which subdivision (a) applies may, by appropriate policy provision, be made inapplicable to any or all of the following:

"(5) Liability for bodily injury to an insured...."

Appellant relying upon *Farmers Ins. Exchange* v. *Cocking, supra*, 29 Cal.3d 383, *alone* argues the single point which is herein conceded, i.e., that persons defined as insured may be excluded from coverage pursuant to the above statutory provision. The narrow issue at bench is identical to the issue in *Phelps* wherein it is held that when the exclusionary clause is broader than the clause which defines insured, it is void.

In *Phelps, supra*, 106 Cal.App.3d at page 755, the policy defines insured as:

"'1. *Persons Insured*

"'(a) *"insured"* means any person or organization listed as insured in this Section;

"'(b) *"named insured"* means the individual named in the declarations, and his spouse if a resident of the same household; and

"'(c) *"relative"* means a relative of the named insured who is a resident of the same household.'"

*Phelps, supra*, 106 Cal.App.3d at page 756 reads:

"'*Exclusions-what this Section of the policy does not cover*

"'This Section I does not apply to:

"'.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"'7. bodily injury *to any person who is related by blood, marriage, or adoption* to an insured against whom claim is made if such person resides in the same household as such insured; . . .'" (Italics added.)

The court, at 106 Cal.App.3d at page 757 et seq. then speaks as follows:

"The family exclusion clause excludes from bodily injury coverage all 'person[s] who [are] related by blood, marriage, or adoption to an insured against whom claim is made if such person resides in the same household as such insured.'

"The clause excludes persons not because they *are* insured but because of their relationship to and residency in the same household as an insured. Allstate claims that persons so excluded are also insureds by virtue of their inclusion within the provision, listing as an insured '[a]ny resident of the named insured's household with respect to the owned automobile.'...

"Allstate's reliance is misplaced, for the class of persons excluded is broader than the classes of persons listed as insured. Although both provisions define the class covered in terms of residency in a household, they critically differ in that persons are excluded from coverage by residency with an *insured* but are listed as insured only by residency with a *named* insured.

"Since there are classes of insured defined *not* by residency with the named insured, principally permissive users ..., it necessarily follows that the family exclusion clause excludes persons who are *not* insureds within the provision relied upon by Allstate and hence it is broader than allowed by Insurance Code section 11580.1, subdivision (c)(5).

". . . . . . . . . . . . .

"Since our determination of invalidity rests upon the facial overbreadth of the exclusion clause, it is irrelevant that plaintiffs qualify both for exclusion and as insureds. The overbreadth can be cured only by rewriting (reforming) either the exclusion clause or the insured clauses, or both. We are not empowered to do so." (Fns. omitted.)

Here 20th Century defined its insureds in terms of a "named insured and his *relatives*." (Italics added.) At the same time, it sought to exclude liability under its policy in terms of "the insured or any *member of the family* of the insured ...." (Italics added.) The word "family" is nowhere defined in the policy. Without detailing the possible differences in meaning between that term and the word "relatives," it is clear 20th Century *drew its own distinction*.

The rule which requires strict construction of an insurance contract against an insurer relied upon by *Phelps* is thoroughly settled.

However, a pragmatic analysis of the nebulous ambiguity created by the use of the word "family" in the exclusionary clause in lieu of "rela-

tives" as applied to the simple facts at bench requires a procrustean application of the settled rule.

After brooding upon the extent to which the word "family" in the exclusion clause could possibly advantage the insurance company, we conclude only there might be confusion in no way related to this case as to a named insured and relatives from members of his family in a *Marvin*[2] relationship and/or an unadopted child, and/or as to an unrelated person over 21 living in the same household who is and has been over many years considered by a family to be a member of the family.

However, it is clear beyond a reasonable doubt that at bench whether "named insured" is by definition broadened to embrace relatives in residence or members of family in residence, the mother of the insured is included in either.

The Greeks have taught us much but we are satisfied our courts of last resort did not initiate and bottom rules of construction with respect to adhesive contracts on the torturing exactions of a notorious Greek highwayman.

Accordingly we reverse and direct the trial court to enter judgment for appellant.

Compton, J., and Beach, J., concurred.

---

[2]See *Marvin* v. *Marvin* (1976) 18 Cal.3d 660 [134 Cal.Rptr. 815, 557 P. 2d 106].