Ruth WOMACK, Plaintiff-counter-
defendant—Appellant,

v.

ESTATE OF Robert M. WOMACK;,
Defendant—Appellee,

Amco Insurance Company, Counter-
defendant—Appellee.

No. 01–17158.
D.C. No. CV–00–06600–AWI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2002.

Decided Dec. 23, 2002.

Before BERZON and TALLMAN,
Circuit Judges and MILLER,* District
Judge.

MEMORANDUM**

In this case Appellant Ruth Womack
sued the estate of her late husband for

* The Honorable Jeffrey T. Miller, United States
District Court Judge for the Southern District
of California, sitting by designation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

damages for personal injuries she sustained as a passenger in a vehicle driven by her late husband. The sole issue in this case, in which AMCO Insurance Company filed a declaratory relief counterclaim, is whether the district court erred by failing to find the exclusionary clause contained in an automobile insurance policy overbroad or ambiguous and therefore in violation of the scope of permissible exclusions under California Insurance Code § 11580.1(c). Because the parties are familiar with the pertinent facts, we do not state them here.

■ Contrary to Mrs. Womack's contentions, the exclusion provisions under review are neither overbroad nor ambiguous. Mrs. Womack contends that *Phelps v. Allstate Ins. Co.*, 106 Cal.App.3d 752, 165 Cal.Rptr. 263 (1980) compels the conclusion that the exclusionary language is overbroad. In *Phelps,* the court analyzed a family exclusion clause which defined an insured as any "resident of the named insured's household with respect to the owned automobile," permissive users, and three other classes of "persons who are insured." *Id.* at 757, 165 Cal.Rptr. 263. The family exclusion at issue excluded. "any person" from coverage, whereas the then existing statutory scheme permitted an exclusion of coverage only for "an insured." Because "the family exclusion clause excludes persons who are not insureds within the provision ... it is broader than allowed by section 11580.1 subdivision (c)(5)." *Id.* at 758, 165 Cal.Rptr. 263.

Here, in contrast to *Phelps,* the class of persons affected by the family exclusion is no broader than the class of persons insured. The underlying policy defines "insured" to include the name insured, the spouse if resident of the same household, and a family member, meaning "a person related to you by blood, marriage or adoption who is a resident of your household." The family exclusion at issue only applies to "you" or any "family member." The

class of excluded insureds under the family exclusion clause is coextensive with the class of individuals insured under the policy and therefore does not suffer from the same overbreadth as the clause at issue in *Phelps.*

■ Finally, the exclusion provision is not ambiguous. This court "may not impose coverage by adopting a strained or absurd interpretation in order to create an ambiguity where none exists." *Rosen v. Nations Title Ins. Co.*, 56 Cal.App.4th 1489, 1497, 66 Cal.Rptr.2d 714 (1997). The exclusion provision is not susceptible to two different reasonable interpretations as urged by Mrs. Womack. The context makes clear that the "permissive user," Provision B.1, and "family member," Provision B.2, exclusions are mutually exclusive. In order to read the two provisions as one, the court must disregard the plain meaning of Provision B.1 that "[t]his exclusion does not apply to you or any 'family member.'" The "clear and explicit" meaning of this sentence, interpreted in its "ordinary and popular sense," *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal.4th 1, 18–19, 44 Cal.Rptr.2d 370, 900 P.2d 619 (1995), is that the permissive user exclusion, Provision B.1, and the family member exclusion, Provision B.2, are separate and independent provisions.

Once the exclusions are viewed separately, there is no ambiguity because each exclusion stands alone and encompasses separate, excludable coverage in compliance with the public policy set forth in Insurance Code § 11580.1. *See Farmers Ins. Exchange v. Cocking,* 29 Cal.3d 383, 388, 173 Cal.Rptr. 846, 628 P.2d 1 (1981) ("section 11580.1, subdivision (c), is not only consistent with state public policy, it itself constitutes and expresses that policy").

In sum, we do not find the family exclusion provision either overbroad or ambiguous.

Each party shall bear its own costs on appeal.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.